UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Milton Little,<br><br>                Plaintiff,<br><br>v.<br><br>Weatherproofing Technologies, Inc.<br><br>                Defendant. | C/A No.: 2:25-cv-640-RMG-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

## ORIGINAL COMPLAINT

Plaintiff, Milton Little, by and through his attorneys, brings this action against Defendant, Weatherprooofing Technologies, Inc., for damages and other legal and equitable relief arising from Defendant's unlawful discrimination based on race and retaliation.

### INTRODUCTION

1.     This is an action brought by Plaintiff seeking damages from Defendant for acts of intentional discrimination based on race and retaliation. Defendant's acts of discrimination are in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq*. ("Section 1981"), and any other causes of action that can be inferred from the facts set forth herein.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C.

**ORIGINAL COMPLAINT**

§ 2201; (iii) 42 U.S.C. § 1981 *et seq*., and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District. Venue is also proper under §706 of Title VII, 42 U.S.C. § 2000e-5(3)(f), in that the acts complained of herein, including unlawful employment practices, occurred within the federal District over which this Court has jurisdiction.

## PARTIES

3. At all relevant times, Defendant has continuously been and is now doing business in the State of South Carolina and has continuously had at least fifteen employees.

4. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under § § 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e (b), (g) and (h), and § 1981.

5. At the relevant times at which the discrimination alleged herein occurred, Plaintiff worked for Defendant in South Carolina.

6. At all relevant times, Plaintiff was an employee of Defendant as that term is defined in Title VII and § 1981.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

7. Plaintiff has timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff received his Notice of Right to Sue from the EEOC on November 5, 2024.

## FACTS UNDERLYING CLAIMS

9. Plaintiff was employed by Defendant as a Resource Representative from approximately May 2023 to November 2023.

**ORIGINAL COMPLAINT**

10. During Plaintiff's employment, Plaintiff was one of only three Black employees on the Weatherproofing Technologies, Inc. (WTI) crew. Plaintiff and another Black employee, Maurice Hopkins, were subjected to discriminatory comments and treatment based on race by their white supervisor, Ben Ellis.

11. In or around October 2023, while on the jobsite at Roger Hospital in Charleston, South Carolina, Plaintiff and another Black employee, Isiah LNU, were speaking to each other regarding jobsite instructions. Isiah had asked Mr. Ellis for clarification on something he said to which Mr. Ellis responded, "You heard what I said, nigger."

12. Following this interaction, Plaintiff overheard Mr. Ellis call the foreman, Josie LNU, on the phone and refer to Plaintiff and the two other Black employees as "niggers" and state that he was "going to get rid of the next nigger [that works here]."

13. Plaintiff called Josie and demanded that she address the blatant racial slurs that Mr. Ellis had used. Josie reassured Plaintiff that it would be addressed. However, Mr. Ellis continued to use racial slurs when speaking to Plaintiff and the other Black employees.

14. In or around November of 2023, Plaintiff confronted Josie about her lack of attention to Plaintiff's complaint. Josie then ultimately spoke to Rick Reeves and Rebecca LNU in the Human Resources department. Mr. Ellis was then placed on suspension.

15. Following Mr. Ellis's suspension, Plaintiff and Mr. Hopkins were separated at work. Rebecca informed Plaintiff that he and Mr. Hopkins were prohibited from riding together to work, despite two white employees riding to work together daily.

16. After the Thanksgiving holiday in 2023, Plaintiff had not been scheduled to work for a few weeks, even though Plaintiff was consistently calling WTI about when Plaintiff would be scheduled next.

17. In or around December of 2023, Rebecca called Plaintiff and terminated him. Shortly thereafter, Josie picked up Plaintiff's equipment and told Plaintiff that he was a "damn good worker" and that she would write Plaintiff a reference if needed.

## CAUSES OF ACTION

### Count I

**EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE**
Title VII of the Civil Rights Act of 1964, as amended
*42 U.S.C. § 2000e et seq.*
*Terms and Conditions*

18. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

19. The conduct alleged herein violates Title VII as Defendant has subjected Plaintiff to discrimination, including disparate treatment in the terms and conditions of his employment, including but not limited to separating him from his Black co-worker, based on his race, Black.

20. Plaintiff's requests for relief are set forth below.

### Count II

**EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE**
Title VII of the Civil Rights Act of 1964, as amended
*42 U.S.C. § 2000e et seq.*
*Hostile Work Environment*

21. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

22. The conduct alleged herein violates Title VII as Defendant has subjected Plaintiff to a racially hostile work environment that altered the conditions of his employment.

23. Defendant failed to take prompt remedial action in response to his reports of harassment.

24. Plaintiff's requests for relief are set forth below.

## Count III

**RETALIATION**
Title VII of the Civil Rights Act of 1964, as amended,
42 U.S.C. §§ 2000e *et seq.*

25. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

26. Plaintiff lodged complaints with Defendant regarding the discrimination based on his race to which he was subjected, and as such, engaged in protected activity under Title VII.

27. Defendant retaliated against Plaintiff by terminating his employment in retaliation for engaging in protective activity.

28. But for engaging in protected activity, Plaintiff would not have been terminated.

29. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

30. Plaintiff's requests for relief are set forth below.

## Count IV

**EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE**
*42 U.S.C. § 1981 et seq.*
*Harassment*

31. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

32. The conduct alleged herein violates Section 1981 as Defendant has subjected Plaintiff to a racially hostile work environment that altered the conditions of his employment, for which Defendant failed to take prompt remedial action.

33. Plaintiff's requests for relief are set forth below.

## Count V

**EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE**
*42 U.S.C. § 1981 et seq.*
*Terms and Conditions*

34. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

35. Plaintiff was subjected to unequal terms and conditions of his employment including but not limited to being separated from his Black co-worker based on his race, Black.

36. But for Plaintiff's race, he would not have been subjected to unequal terms and conditions of employment.

37. The conduct alleged herein violates 42 U.S.C. § 1981 *et seq.*

38. Plaintiff's requests for relief are set forth below.

## Count VI

**EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE**
*42 U.S.C. § 1981 et seq.*
*Retaliation*

39. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

40. Plaintiff lodged complaints with Defendant regarding the discrimination based on his race to which he was subjected, and as such, engaged in protected activity under 42 U.S.C. § 1981.

41. Defendant retaliated against Plaintiff by terminating his employment in retaliation for engaging in protective activity.

42. But for engaging in protected activity, Plaintiff would not have been terminated. The conduct alleged herein violates 42 U.S.C. § 1981 *et seq.*

43. Plaintiff's requests for relief are set forth below.

## DEMAND FOR JURY TRIAL

44. Plaintiff demands a jury trial on all matters raised in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

45. That the practices of the Defendant complained of herein be determined and adjudged to be in violation of the rights of Plaintiff under the federal laws identified above prohibiting discrimination and retaliation in employment;

46. That judgment be entered in favor of Plaintiff as set forth herein, and against Defendant, for back pay plus interest, front pay, benefits and all other amounts owed to Plaintiff;

47. That Plaintiff be awarded compensatory damages for his employment discrimination claims including for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

48. That Plaintiff be awarded punitive damages for discriminatory practices done with malice or with reckless indifference to the federally protected rights of Plaintiff;

49. That Plaintiff be awarded pre-and post-judgment interest;

50. That the Court award Plaintiff reasonable attorneys' fees and costs associated with this matter, including but not limited to expert fees and costs;

51. That the Defendant be ordered to require training regarding discrimination based upon race and discrimination based on retaliation.

52. That the Court retain jurisdiction over Defendant until such time as it is satisfied that it has remedied the practices complained of and is determined to be in full compliance with the law; and

53. That the Plaintiff be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

          Respectfully submitted,

          **CROMER BABB & PORTER, LLC**

          BY:    *s/Chance Sturup*
                  Chance Sturup (Fed # 13815)
                  1418 Laurel Street, Suite A (29201)
                  Post Office Box 11675
                  Columbia, South Carolina 29211
                  Phone: 803-799-9530
                  Fax:   803-799-9533
                  chance@cromerbabb.com

          *Counsel For Plaintiff*

February 3, 2025
Columbia, South Carolina

**ORIGINAL COMPLAINT**

8